O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SHEILA A. PATTON,            )<br>                              )<br>         Plaintiff,           )<br>                              )<br>     v.                       )<br>                              )<br>MICHAEL A. ASTRUE,            )<br>COMMISSIONER OF SOCIAL        )<br>SECURITY,                     )<br>                              )<br>         Defendants.          )<br>_____) | Case No. CV 08-1834-MLG<br><br>MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE |

On March 25, 2008, Plaintiff Sheila A. Patton, with the assistance of counsel, filed this action for judicial review of the final decision of the Defendant denying her applications for Social Security Disability and Supplemental Security Income Benefits. On September 17, 2008, the Court granted counsel's motion to withdraw and substitute Ms. Patton pro se. Pursuant to the Court's scheduling order, a joint stipulation of disputed issues was required to be filed with the Court by December 28, 2008. Plaintiff did not provide her portion of the joint stipulation in the time allowed.

On January 8, 2009, the Court issued an order directing Plaintiff to show cause, on or before January 21, 2009, why this action should not be dismissed for failure to prosecute. Plaintiff

was cautioned that the failure to comply with the order would result in dismissal of the action without further notice. Plaintiff has not responded to the order to show cause.

This action will be dismissed for failure to prosecute. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). The Court is required to weigh the following factors in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ferdik*, 963 F.2d at 1260, 1261; *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (citing *Henderson*, 779 F.2d at 1423); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, the public's interest in the expeditious resolution of litigation and the court's interest in managing its docket weighs in favor of dismissal. Dismissal without prejudice would not undermine the public policy favoring disposition of cases on the merits. In addition, there is no identifiable risk of prejudice to Defendant. Finally, Plaintiff was advised of the consequences of not responding to the order to show cause in the time allowed. She apparently no longer wishes to continue with this proceeding.

//

//

//

Balancing all of these factors, dismissal of this action with prejudice for failure to prosecute is warranted.

IT IS SO ORDERED.

Dated: January 28, 2009

Marc L. Goldman
United States Magistrate Judge